## LAFAYETTE TRUST CO. v. HALDANE.

(Supreme Court, Appellate Division, Second Department. October 6, 1911.)

1. PLEADING (§ 126*)—DENIAL—SUFFICIENCY.
    Denial that defendant had on deposit with plaintiff $731.19 only does not deny an allegation of the complaint that defendant had that amount on deposit.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 261–263; Dec. Dig. § 126.*]

2. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.
    On an issue as to existence of a balance in favor of a bank depositor, any error in striking testimony that he deposited about $22,000 at a certain time, as being irresponsive to questions asked him as a witness, was harmless, where the amount of checks admitted to have been drawn against the deposit were not shown.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193; Dec. Dig. § 1056.*]

3. BANKS AND BANKING (§ 133*)—DEPOSITS—PRESUMPTIONS.
    Funds deposited in a bank on a checking account are not presumed to remain there any length of time, and evidence of a deposit on such account, without evidence of withdrawals, does not show a balance due.
    [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 133.*]

Appeal from Trial Term, Kings County.

Action by the Lafayette Trust Company against Richard K. Haldane. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Edward M. Bliven, for appellant.
John Thomas Smith, for respondent.

WOODWARD, J. The complaint alleges the various steps by which the plaintiff, the Lafayette Trust Company, came into existence and succeeded to the rights, duties, and obligations of the Jenkins

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Trust Company; that the defendant made his promissory note for $5,-000, payable in 6 months from the 10th day of July, 1907, and negotiated the same with the plaintiff; that the note was duly protested for nonpayment at maturity, the defendant having notice thereof; that the protest fees amounted to $1.11; that at the maturity of said note interest had accrued to the amount of $153.33, making the total indebtedness $5,154.44; that at the date of maturity the defendant, who had been a depositor with the plaintiff's predecessors, had the sum of $731.19 on deposit; that this sum was applied upon the said indebtedness, leaving the balance due and unpaid $4,423.25; and that no part thereof has been paid. The proper judgment is demanded.

[1] The defendant, answering, denies knowledge or information as to the first paragraph of the complaint in reference to the organization of the plaintiff's predecessors and the steps taken to transfer the rights, duties, and obligations of such predecessors to the plaintiff, but upon the trial these facts were admitted. A denial in reference to the protest fees is also made, but this was not insisted upon. The defendant then admits that he was a depositor of the plaintiff, but denies that he had on deposit with plaintiff the sum of $731.19 only, which is clearly not a denial of the allegation of the complaint that the defendant did have that sum on deposit, and it does not raise any issue whatever. Upon the pleadings as finally completed by admissions, the plaintiff was fairly entitled to judgment for the amount claimed, and the only questions presented by this appeal relate to the rulings of the learned court upon the admission of evidence upon the defendant's first counterclaim; all of the others being allowed by the court, which was placed in a position to pass upon the facts and the law by the motions of both parties for the direction of a verdict.

The first counterclaim alleges that prior to the 5th day of July, 1905, the defendant was a depositor of the Coney Island and Bath Beach Bank; that he continued as such depositor down to the said 5th day of July, when the said bank was taken over by the Jenkins Trust Company; that the deposit account of the defendant was taken over by the Jenkins Trust Company, and continued down to the time that the said Jenkins Trust Company ceased doing a banking business and suspended payments on the 25th day of October, 1907; that the defendant deposited in these institutions "divers, numerous, large, and small sums of money from time to time, and drew checks for divers, numerous, large, and small sums of money against said deposit account from time to time, until the said Jenkins Trust Company ceased to do a banking business on October 25, 1907, as aforesaid, and that the said Coney Island and Bath Beach Bank and the said Jenkins Trust Company and the plaintiff herein, and neither of them, have ever balanced said account or accounted to this defendant for said deposit account, and have never returned to or delivered to this defendant a statement of his account, or delivered to him his checks and vouchers for the sums of money withdrawn by him from said account or from said bank or trust company, or paid out by either said bank or trust company on account of said defendant's deposit account"; and that since the Jenkins Trust Company became the Lafayette Trust Com-

pany the defendant has frequently demanded such an accounting, and that "its officers and agents have neglected and refused to account to this defendant for the amount of moneys deposited by him, and the amount of moneys withdrawn by him therefrom, so as to enable this defendant to determine the exact amount due from the said trust company to him, and there is now, and has been, ever since the date of the note described in the complaint herein, large sums of money due to this defendant from the said plaintiff, for which the defendant is entitled to judgment." The defendant then alleges that all of the vouchers, etc., as well as all of the accounts, are in the possession of the plaintiff, no passbook being issued to him, and demands judgment that "it be ascertained what the balance due from the plaintiff to the defendant on his deposit account as alleged in the first counterclaim is, and that the same be applied in liquidating any claim or verdict that may be obtained in this action against him by the plaintiff, and that he have judgment against the plaintiff for the excess over the amount found due from the defendant to the plaintiff." The plaintiff replied to this counterclaim, admitting the connection between the various corporations, and denying all of the other material allegations.

In support of this counterclaim, the defendant took the stand in his own behalf, and answered questions in relation to the affairs of the banks and trust companies, stating that no account was ever rendered to him and that none of his checks were ever returned, and then he was asked: "How much money did you deposit in the Coney Island and Bath Beach Bank and the Jenkins Trust Company up to the time that the Jenkins Trust Company ceased doing business on October 27, 1907?" To this the witness answered: "About $22,000." On motion of plaintiff's counsel this answer was struck out, on the ground that it was not responsive to the question, and defendant took an exception. Then the question was asked: "During the period that you deposited money in the Coney Island and Bath Beach Bank, what did the deposits consist of? What amounts, and when were they made?" To this plaintiff's counsel made "the same objection," and the objection was sustained; defendant taking an exception. The court then asked: "Were you drawing checks all the time?" The witness answered in the affirmative, and the court said: "I will sustain the objection." And defendant's counsel took an exception. It appeared subsequently that the defendant was the vice president of the Jenkins Trust Company, and the court remarked: "In other words, you did not want a statement, because you knew all about it?" To this the defendant replied: "I could not say as to that. I would like to know something about it." After testimony in reference to the second, third, and fourth counterclaims, both parties moved for the direction of a verdict, and the court disposed of the case as indicated above; no further evidence being offered in support of the first counterclaim, and the defendant taking an exception to the direction of the verdict against him, disallowing the same.

[2] Assuming it to have been error for the learned court to strike out the answer, "About $22,000," as not responsive to the question, and that it was error to sustain an objection upon the same ground to

the further question, we are unable to discover any prejudice to the defendant in the rulings. It did not tend to prove that the defendant had a large sum of money on deposit at the present time, or during the time intervening between the making of the note and the time of the pleading, especially in view of the admission of the defendant that he was drawing checks all of the time. The fact that he may have deposited "about $22,000" before a certain date, drawing checks against the same all of the time, would not tend to prove that long subsequent to the time fixed for such deposits there was a large sum of money owing to the defendant, and without such proof there would be no foundation for the counterclaim alleged.

[3] The defendant's theory evidently is that, if he established that large sums of money had been deposited, the burden was then upon the plaintiff to show that the same had been paid out upon the order of the defendant; but the difficulty here is that the defendant has pleaded that he was depositing and drawing out the funds, and there is no presumption that the funds deposited remained there any length of time, because, under the defendant's own allegations, the deposits, when made, were not of a continuous character. They were subject to immediate withdrawal, and the defendant was drawing checks against them all of the time. The defendant made no suggestion that it would be able to show the amount of the withdrawals, and the case as presented did not tend in any degree to support the counterclaim. If the answers were contained in the record, and it appeared that the defendant had deposited "about $22,000," with no evidence to show how much had been withdrawn, the court could not find that there was any sum due to the defendant in excess of the amount which the plaintiff credited upon the note, and unless there was some money due, there would be no ground for an accounting.

We conclude, therefore, that the alleged errors were not prejudicial to the defendant, and that the court has properly disposed of the case as it was presented by the pleadings and the evidence. The defendant was the vice president of the Jenkins Trust Company up to the time that it ceased to do business, and there is little ground for the complaint that he is in ignorance of his own account with that company; it not being contended that he has made any deposits with the present plaintiff, except as the old ones were taken over by it.

The judgment appealed from should be affirmed, with costs. All concur.